SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**WILLIAM M. McLAREN, OSB #143836**
Assistant United States Attorney
William.McLaren@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone:  (541) 465-6771
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 6:25-cr-00175-001-MC |
| v. | **UNITED STATES' SENTENCING MEMORANDUM** |
| **CODY JOE HUNT,** | |
| **Defendant.** | Sentencing:  Mar. 3, 2026 at 10:30 a.m. |

On February 13, 2025, defendant Cody Joe Hunt ran through the snow in the Deschutes National Forest.  United States Forest Service law enforcement officers followed his tracks.  They found Mr. Hunt in possession of ammunition matching an assault rifle he left at the start of his tracks.  Shortly thereafter, Mr. Hunt admitted to having held the weapon.  The investigation revealed he had possessed it since someone purchased it for him some days prior.  All of this is prohibited given Mr. Hunt's felony offenses.

To assign accountability for Mr. Hunt's choice to possess these items despite his felon status, the government respectfully recommends the Court sentence him to the low-end guidelines sentence in this matter.

**United States' Sentencing Memorandum**                                                                                    Page 1

# BACKGROUND

**A. The Offense Conduct**

The offense conduct in this matter is accurately set forth in the Presentencing Investigation Report (PSR) in paragraphs 14 through 17.

When officers responded to gunfire in the Deschutes National Forest, not far from China Hat Road, they saw a man running away from the area through the snow. He left behind two kids and an adult, the latter of whom knew he was not supposed to be around firearms.

When officers caught up with Mr. Hunt, he too admitted knowing he was not supposed to be around guns. He admitted having touched the weapon, which was a Radical Arms RF-15 (manufactured in Texas), and had 5.56 ammunition in his pockets. Mr. Hunt attested to having simply taken them from the children back at the shooting site. PSR ¶ 15. Mr. Hunt was taken into custody and held on a Forgery I charge from the prior month.[1] He later received a 30-month state sentence for that offense.

A U.S. Forest Service special agent looked into the veracity of Mr. Hunt's statements to law enforcement that day in the woods. They identified an apparent straw purchase, leading to a search warrant for devices. As a result, they located photos of the firearm Mr. Hunt had "touched" in the woods that day in his phone the night it was apparently purchased for him.

At all relevant times, Mr. Hunt had been convicted of a felony resulting in a sentence over one year in prison, specifically Unauthorized Use of a Motor Vehicle in the Circuit Court of the State of Oregon for Tillamook County, Case Number 15CR50757, on or about May 9, 2017.

---

[1] Mr. Hunt had used counterfeit bills at a Bend Walmart in January 2025. In a conversation with law enforcement, he admitted to using counterfeit bills at marijuana shops, gas stations, and other businesses. PSR ¶ 47.

**United States' Sentencing Memorandum**             Page 2

B. The Charge & Guideline Computations

Mr. Hunt pleaded guilty to Counts 1 and 2, which charge him with felon in possession of ammunition and a firearm, respectively. The government concurs with the guidelines set forth in the Presentence Report, laid out at PSR ¶ 23–31.

| Applicable USSG Sections | Guidelines |
|---|---|
| Base Offense Level, USSG § 2K2.1(a)(6) | 14 |
| Acceptance of responsibility, USSG § 3E1.1(a) | -2 |
| **Total Offense Level** | **12** |
| Early acceptance, 18 U.S.C. § 3553(a), Plea at ¶ 9 | -2 |
| **Gov. Adjusted Offense Level** | **10** |
| **Criminal History Category** | **VI** |
| **Resulting Guideline Range** | **24-30 months** |

At the time this case was initiated, Mr. Hunt was in state custody serving a 30-month sentence for his January 2025 Forgery I offense, in Deschutes County Case number 25CR05087. His projected release date associated with that sentence is February 21, 2027. As a result of the parties' negotiations, the government will recommend that the sentence imposed in this matter run concurrently to the sentence in the state case. The government respectfully recommends the low end guidelines sentence reflected above.

## ARGUMENT

Cody Joe Hunt made a series of choices that inform the need for the recommended sentence of imprisonment. Those choices are linear: (1) his choices to commit criminal offenses leading to his prohibited status; (2) his choice to use an associate to re-arm himself; and (3) his to take that gun, ammo, and even some children into a national forest in early 2025.

Mr. Hunt's criminal history illustrates the importance of keeping guns out of his hands. He presents with a long and varied list of convictions, beginning with trespass, theft, unlawful possession of a handgun, burglary, unauthorized use of a motor vehicle, and even extending to robbery and assault. Felon-in-possession charges are common, but they are not always the same. Sometimes prior convictions are unrelated to firearms, sometimes they are remote in time. This is not such a case. Mr. Hunt with firearms is a community safety issue and the Forest Service's work to intervene renders the entire community safer. Balanced against the danger he poses, Mr. Hunt's choice to be forthcoming from early on should temper the Court's ultimate sentence.

A low-end guidelines sentence is sufficient but not greater than necessary to hold Mr. Hunt accountable for his choices.

## CONCLUSION

For these reasons, the government recommends a sentence of 24 months' imprisonment, 3 years' supervised release, a condition requiring placement the Northwest Regional Reentry Center to follow, and a $200 special assessment fee.

Dated: February 25, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ William M. McLaren*
WILLIAM M. McLAREN
Assistant United States Attorney